UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELLA BARRETT,

                Plaintiff,

-vs-                                                 Case No. 8:06-cv-669-T-24MAP

CITIFINANCIAL SERVICES, INC.,

                Defendant.

_____

## O R D E R

This cause comes before the Court for consideration of Defendant CitiFinancial, Inc.'s Motion to Set Aside Entry of Default (Doc. No. 7). Plaintiff has not filed a response in opposition thereto.

The complaint in this action was filed on or about March 7, 2006, in the Circuit Court of the Twelfth Judicial Circuit, in and for Manatee County, alleging claims for defamation (Count I) and slander (Count II)(Doc. No. 2). On March 15, 2006, Defendant was served with a copy of the summons and complaint. On April 7, 2006, Plaintiff moved for and obtained an entry of default in state court against Defendant for failure to serve a responsive pleading to the complaint. On April 13, 2006, Defendant filed a timely Notice of Removal for this case, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 (Doc. No. 1). Contemporaneous with the filing of its Notice of Removal, Defendant filed its answer to Plaintiff's complaint in this Court (Doc. No. 2). Defendant now moves to set aside the entry of default entered in the state court proceeding.

Federal Rule of Civil Procedure 55(c) provides the standard for setting aside an entry of default. Rule 55(c) states that "[f]or good cause shown[,] the court may set aside an entry of

default." The Eleventh Circuit has stated explicitly that the standard for setting aside a default is different and less burdensome than the standard for setting aside a default judgment. See Equal Employment Opportunity Commission v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 527 - 28 (11th Cir.1990). "Good cause" is a liberal standard, though not devoid of substance. See Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). Some general guidelines commonly applied by the courts are whether the default was culpable or willful, whether setting it aside would prejudice the adversary and whether the defaulting party presents a meritorious defense. See id; see also Woodbury v. Sears, Roebuck & Co., 152 F.R.D. 229, 236 (M.D. Fla. 1993).

From a review of the file, the Court finds that Defendant timely filed its answer pursuant to Fed. R. Civ. P. 81(c). Additionally, Defendant has moved promptly to vacate the default, asserted with specificity meritorious defenses, and plaintiff will not be prejudiced. Since this Court prefers to decide cases on their merits, the Court grants the Defendant's Motion to Set Aside Default. See Boron v. West Texas Exports, Inc., 680 F. Supp. 1532, 1536 (S.D. Fla. 1988).

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Set Aside Default (Doc. No. 7) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of May, 2006.

Copies to:
Counsel of Record

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge